IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| FARM CREDIT SERVICES OF NORTH DAKOTA PCA,<br><br>　　Plaintiff and Counter-Defendant,<br><br>v.<br><br>A & C SOARING EAGLE TRUCKING, INC., and CLINTON R. MULLIN, JR.<br><br>　　Defendants and Counter-Plaintiffs. | CV-17-00117-BLG-DWM<br><br>CONSENT JUDGMENT AND DECREE OF FORECLOSURE |

A Stipulation and Request to Vacate Trial Date and Consent to Entry of Judgment having been filed with this Court on December 28, 2020, by the parties, acting through their counsel of record, that judgment should be entered in the form described herein, and good cause appearing, (Doc. 97),

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.　　Judgment is entered in favor of Farm Credit Services of North Dakota PCA ("FCS") and against A&C Soaring Eagle, Inc. ("A&C") on Promissory Note No. ******4400 ("Note A") in the full sum of $1,361,575.14 together with interest on the principal portion thereof ($1,125,000.00) at the fixed rate of 6.60% per annum from November 20, 2020 until paid.

1

2. Judgment is entered in favor of FCS and against A&C on Promissory Note No. ******1600 ("Note B") in the full sum of $299,506.22 together with interest on the principal portion thereof ($248,717.96) at the Note B's variable rate (currently 6.75% per annum) from November 20, 2020 until paid.

3. Judgment is entered in favor of FCS and against Clinton R. Mullin, Jr. ("Mr. Mullin") on Promissory Note No. ******0200 ("Note C") in the full sum of $128,047.18 together with interest on the principal portion thereof ($110,720.90) at Note C's variable rate (currently 4.00% per annum) from November 20, 2020 until paid.

4. Judgment is entered in favor of FCS and against Mr. Mullin on Promissory Note No. ******6500 ("Note D") in the full sum of $793,426.74 together with interest on the principal portion thereof ($678,000.00) at the fixed rate of 4.60% per annum from November 20, 2020 until paid.

5. As guarantor of all indebtedness of Note A and Note B, judgment is hereby entered in favor of FCS and against Mr. Mullin for the full amounts owing on Note A and Note B, including interest thereon, each as set forth in paragraphs 1 and 2, above.

6. As guarantor of all indebtedness of Note C and Note D, judgment is hereby entered in favor of FCS and against A&C for the full amounts owing on Note

C and Note D, including interest thereon, each as set forth in paragraphs 3 and 4, above.

7.  All sums due and owing to FCS on Note A, Note B, Note C and Note D, and the guaranties of Mr. Mullin and A&C thereof, are secured by a lien and security interest against all of A&C and Mr. Mullin's equipment, certain motor vehicles bearing FCS title liens, fixtures, crops, general intangibles, accounts, inventory, and agricultural chemicals and supplies, all as more particularly described in those Security Agreements dated February 12, 2013, April 17, 2013, January 16, 2014, October 2, 2014, and January 20, 2016 attached as Exhibits to the Foreclosure Complaint (Doc. 1) (the "Security Agreements").

8.  FCS is granted a judgment of foreclosure against the personal property described in the Security Agreements and that personal property shall be sold by decree and according to the law and practice of the Courts and laws of the State of Montana governing execution sales and directing applications of proceeds of such sale be applied to the amounts due FCS under this judgment, and FCS shall be entitled to a writ of assistance in furtherance of this process upon application to the clerk of district court.

9.  In the event the proceeds of the sale of personal property described in the Security Agreements are insufficient to pay the amount due FCS under this

3

judgment, A&C and Mr. Mullin shall be jointly and severally liable for the deficiency.

10. All counterclaims of Mr. Mullin and A&C are hereby dismissed with prejudice.

11. The trial date and all other pretrial deadlines are hereby vacated and enforcement of this judgment is stayed until May 30, 2021. If by that date Defendants have paid FCS the sum of $2,100,000.00, FCS shall promptly file a full satisfaction of this judgment. If for any reason the full $2,100,000.00 has not been received by FCS by May 30, 2021, then the stay of enforcement of this judgment shall automatically expire and FCS shall be entitled to pursue its remedies for enforcement of the full amount due under this judgment.

This Court shall retain jurisdiction over this action to enter any further orders that may be necessary.

Dated this 4th day of January, 2021.

Donald W. Molloy, District Judge
United States District Court